IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TBB INTERNATIONAL BANK CORP.**<br>Plaintiff<br><br>         v.<br><br>**JOSE ANTONIO OLIVEROS-FEBRES-CORDERO, et al.**<br>Defendants | Case No. 23-cv-1310-ADC |

**OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT**

**COME NOW** the defendants Alexandra Oliveros-Febres-Cordero and Don Goyo Corporation Aviation, by and through the undersigned counsel, and hereby respectfully state, aver, and request that the Honorable Court deny the plaintiff's motion for default filed yesterday. *See* Docket No. 16. The interests of justice counsel against granting a motion for default in the instant circumstances.

At the outset, we note that it has been repeated ad nauseam that justice favors a trial on the merits over a default victory on a technicality. *See, e.g., Coon v. Grenier*, 867 F.2d 73 (1st Cir. 1989) ("Early in the case, as when default has been entered but no judgment proven, a liberal approach to relief from default is least likely to cause unfair prejudice to the nonmovant or to discommode the court's calendar; in those circumstances, the district court should resolve doubts in favor of the party seeking relief from the entry of default."); *Schwab v. Bullock's Inc.*, 508 F.2d 353 (9th Cir. 1974) ("Since a resolution on the merits is preferable to a judgment by default, a court should liberally allow relief under the provision for setting aside a default judgment."); *Pulliam v. Pulliam*, 478 F.2d 935 (D.C. Cir. 1973); *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970); *Tolson v. Hodge*, 411 F.2d 123 (4th Cir. 1969); *Wilver v. Fisher*, 387 F.2d 66 (10th Cir. 1967); *Mannke v. Benjamin Moore & Co.*, 375 F.2d 281 (3d Cir. 1967); *Thorpe v. Thorpe*, 364 F.2d 692 (D.C. Cir. 1966); *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963); *Davis*

*v. Parkhill-Goodloe Co.*, 302 F.2d 489 (5th Cir. 1962); *Lunderville v. Allen*, 366 F.2d 445 (2d Cir. 1966).

Despite being located outside of Puerto Rico, the appearing parties filed a timely pro se motion for extension of time prior to the expiration of the deadline to answer the complaint or otherwise plead. *See* Docket No. 11. Perhaps the most important reason provided in the pro se motion was that these defendants required additional time to hire an attorney to represent them in these proceedings. This motion was granted and the deadline to answer the complaint or otherwise plead was reset to August 18, 2023. Docket No. 14. Despite the minimal delay in hiring an attorney, these defendants have always acted in good faith and without any intention to prejudice the plaintiff's rights or disrespect the proceedings in this court.

The undersigned filed his notice of appearance and a motion for extension of time on behalf of these defendants today. Accordingly, there should be no unreasonable future delays by the appearing defendants. A denial of the motion for entry of default will not result in any undue prejudice as there are other defendants that have still not been served. Considering this, the minimal delay in answering the complaint or otherwise pleading will have no real impact on the judicial proceedings. Finally, as these proceedings will demonstrate, these defendants have meritorious defenses to the plaintiff's claims that should be considered by the Court.

After weighing all the aforementioned factors and considerations, the interests of justice require that the defendants be given an opportunity to answer the complaint or otherwise plead. Ruling in this fashion appropriately places justice above inflexible technicalities.

**WHEREFORE**, the defendants Alexandra Oliveros-Febres-Cordero and Don Goyo Corporation Aviation respectfully request that the Honorable Court deny the plaintiff's motion for entry of default. This case should be decided on the merits—not on a minor technicality.

**I HEREBY CERTIFY** that, in accordance with Federal Rule of Civil Procedure 5, a true and correct copy of the foregoing has been furnished via CM/ECF to all appearing parties or their attorneys by way of their designated email addresses on this 8th day of September, 2023.

**RESPECTFULLY SUBMITTED** on this 8th day of September, 2023.

**Manuel Alejandro Law Firm, LLC**
8350 NW 52nd Ter, Suite 301
Doral, FL 33166
Tel: (786) 554-3145

*s/ Manuel Alejandro Franco-Domínguez*
Manuel Alejandro Franco-Domínguez
USDC-PR No. 302406
Manuel@AlejandroLaw.net
