IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TBB INTERNATIONAL BANK CORP.**<br><br>   **Plaintiff,**<br><br>**v.**<br><br>**JOSE ANTONIO OLIVEROS FEBRES-CORDERO, et al.**<br><br>   **Defendants.** | **CASE NUMBER:   23-cv-1310 (ADC)** |

### MOTION TO SET ASIDE DEFAULT JUDGMENT

**TO THE HONORABLE COURT:**

**COMES NOW** the defendant, HOLDING ACTIVO LTD., through its undersigned counsel, and files this Motion to Set Aside Default Judgment entered in this matter on June 18, 2024, for good cause, as more specifically discussed below.

**I.   PROCEDURAL BACKGROUND**

Plaintiff, TBB International Bank Corp. ("TBB") filed its complaint on June 12, 2023 alleging Civil Rico against various parties, including Holding Activo Ltd. ("Holding Activo") (D.E. 1). On January 22, 2024, Plaintiff, TBB International Bank Corp., filed evidence of service on Holding Activo Ltd in the Supreme Court of Barbados, pursuant to the terms of The Hague Service Convention (D.E. 45 – Exhibit 2). On January 30, 2024, Plaintiff filed a Motion for Default Judgment against Holding Activo (D.E. 47).

On February 2, 2024, Holding Activo, through its authorized representative, Jose Antonio Oliveros, filed a motion requesting extensions of time until April 1, 2024 to answer the Complaint

or otherwise plead because it had been unable to retain counsel to represent it in this matter. (D.E. 52). On April 10, 2024, Holding Activo filed a Second Pro Se Motion for Extension of Time asking until May 9, 2024 (D.E. 57). In its motion, Holding Activo represented to the Court that it had been diligently engaged in the process of hiring legal representation and had already identified a firm that it wish to represent it but were in the process of complying with the requirements of such legal representation. On June 18, 2024, the Court granted TBB's request for a default judgment against Holding Activo (D.E. 62).

## II.     APPLICABLE LAW

Fed. R. Civ. P. 55(c) permits setting aside an entry of default for "good cause." *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 164 (1st Cir. 2004). This is a "mutable standard." *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). And a "liberal" one. *Thiemann v. Electrical Insulation Suppliers, Inc.*, 180 F.R.D. 200, 201 (D.P.R. 1998). It "*derives its shape both contextually and in comparison with the more rigorous standard applicable to attempts to vacate judgments under Fed. R. Civ. P. 60(b).*" *Coon*, 867 F.2d at 76. Its threshold is lower, ergo more easily overcome than that which obtains under Rule 60(b). Id. For that reason, allowing an entry of default to be set aside on a showing of reasonable justification is in keeping both with the philosophy that actions should ordinarily be resolved on their merits, and with the command of the Civil Rules themselves. Id. These policy considerations are at their zenith in the Rule 55(c) milieu. Id.

In determining the existence of good cause, a court should not apply a mechanical formula. *See KPS & Associs. V. Designs by FMC, Inc.,* 318 F.3d 1, 12 (1st Cir. 2003).  Instead, courts struggling with this decision should consider: (1) whether the default resulted from culpable conduct by the defendant; (2) the existence of a meritorious defense; and (3) whether the adversary would suffer prejudice by setting aside the default judgement. *Indigo Am., Inc. v. Big Impressions,*

*LLC 597 F.3d 1, 3* (1st Cir. 2010) (internal citations omitted).  The court's assessment need not be limited to these principal inquiries, as other factors may bear some relevance, including the reason for the default, the good faith of the parties, the amount of money sought, and the timing of the motion for default. *Id.* As expected, the burden of demonstrating good cause is borne by the movant.

In this case the defendant's inability to answer or otherwise plead to the Complaint was not the result of deliberate obstinance nor an attempt to manipulate the legal system.  As proven by its several motions for extension of time to respond to the Complaint or otherwise plead, there was no bad faith nor implicit strategy in the defendant's failure to plead or answer the complaint. Over the course of several months, Holding Activo made significant attempts to engage counsel to represent it in this case but lacked the financial resources to consummate the engagement until a few days ago. It is well settled that a non-lawyer may not represent a corporation in ongoing proceedings or non-ministerial actions. See *In re Las Colinas Dev. Corp.*, 585 F.2d 7, 13 (1st Cir. 1978), see also *Instituto de Educacion Universal Corp. v. U.S. Dept. of Educ.*, 209 F.3d 18, 22 (1st Cir, 2000).

Undersigned counsel met with the corporate authorized representative on June 13, 2024, in the firm's Miami Office, and later returned to Puerto Rico but was prevented from filing the pertinent motions and notices of appearances due to becoming very ill upon returning to Puerto Rico and being unable to work until today. A "movant cannot be treated as culpable simply for having made a decision not to answer" a Complaint, in the absence of bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *United States v. Signed Personal Check No. 730 of Y. Mesle,* 615 F.3d 1085, 1089 (9th Cir. 2010) (Which held that "the Court's "rules for determining when a default should be

set aside are solicitous towards movants, especially those whose actions leading to the default were taken without the benefit of legal representation.")

Holding Activo represents that it has meritorious defenses to the RICO Complaint which it would like to have resolved on the merits, and the plaintiff cannot demonstrate prejudice, in light of the continuing litigation of the case. The prejudice that must be demonstrated by the Plaintiff is greater harm than simply delaying the resolution of the case. *TCI Group Life Insurance v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). Plaintiff cannot show that its ability to pursue its claims will be hindered by an order setting aside the default judgment.

In addition to the foregoing, the potential damages that can be assessed against Activo Holding Ltd. are significant, as treble damages are available under the RICO Statute. *See* U.S.C. § 1962(c) and (d). (See also *Placeres v. Costco Wholesale Corporation*, 541 F.Supp.3d 217, 224 (2021) finding that claims for emotional damages in the amount of $100,000, lost wages in the amount of $19,200 (an amount that increased by $1,600 per month), $10,200 in discharge indemnity, double damages, 25% of the amount awarded to pay for plaintiff's attorney's fees and the cost and expenses of the litigation were sufficient to weigh against default).

**WHEREFORE**, HOLDING ACTIVO LTD. respectfully requests that the default judgment entered on June 18, 2024 be set aside, as the defendant did not act in bad faith in failing to otherwise plead or respond to the RICO Complaint, nor will the setting aside of the default judgment prejudice the plaintiff. The Defendant has now retained the undersigned counsel, who is diligently working on filing a response to the Complaint, which should be resolved on its merits. Based on the voluminous nature of the Complaint, Holding Activo, through undersigned counsel, respectfully requests a term of thirty (30) days to respond to the Complaint.

**RESPECTFULLY SUBMITTED** in San Juan, Puerto Rico, on this 19th day of June 2024.

**I HEREBY CERTIFY** that, in accordance with Federal Rule of Civil Procedure 5, a true and correct copy of the foregoing has been furnished via CM/ECF to all appearing parties or their attorneys by way of their designated email addresses on this 20th day of June 2024.

>DMR Law LLC
>Capital Center Building
>Suite 1101
>239 Arterial Hostos
>Hato Rey, PR 00918
>Tel. 787-331-9970
>
>*s/ Maria A. Dominguez-Victoriano*
>Maria A. Dominguez-Victoriano
>USDC-No. 210908
>m.dominguez@dmrpr.com