IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TBB International Bank Corp., <br><br> Plaintiff, <br><br> v. <br><br> José Antonio Oliveros Febres Cordero; Alejandro J. Valencia Hurtado; Holding Activo Ltd.; Alexandra Oliveros Febres Cordero; María Eugenia Febres Cordero Zamora; José Antonio Oliveros Mora; Gorlio Enterprises Ltd.; El Retiro Group Ltd.; AIB Properties Limited Ltd.; Don Goyo Corporation Aviation; Inversiones Saitam, S.A.; Consultora Baru 2018, C.A.; Gustavo José Gerardo Corredor Salcedo; Alejandro Enrique Montenegro Díaz; Inversiones Elektrogorsk, C.A.; Intelinvest Casa de Valores, S.A., <br><br> Defendants. | Civil Case No. 23-CV-01310 (ADC) |

**MOTION FOR PARTIAL RELIEF FROM OPINION AND ORDER**

TO THE HONORABLE COURT:

COMES NOW, Plaintiff TBB International Bank Corp. ("TBB") through the undersigned counsel, pursuant to Fed. R. Civ. P. 60(b)(1), and respectfully states and prays as follows:

**I.      Introduction**

On June 12, 2023, TBB filed a Complaint against Defendants Alejandro J. Valencia Hurtado, Alexandra Oliveros Febres Cordero, María Eugenia Febres Cordero Zamora, José Antonio Oliveros Mora, Gorlio Enterprises Ltd., El Retiro Group Ltd., AIB Properties Limited Ltd., Don Goyo Corporation Aviation, and Gustavo José Gerardo Corredor Salcedo, among others individuals and legal entities ("Defendants"), for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO")    (Count I), conspiracy to violate RICO (Count II), fraud and

fraudulent inducement (Count III), and unjust enrichment (Count IV), among others causes of action. *See* Docket No. 1.

Thereafter, Defendants Alejandro J. Valencia Hurtado, Alexandra Oliveros Febres Cordero, María Eugenia Febres Cordero Zamora, José Antonio Oliveros Mora, Gorlio Enterprises Ltd., El Retiro Group Ltd., AIB Properties Limited Ltd., Don Goyo Corporation Aviation, and Gustavo José Gerardo Corredor Salcedo filed their motions to dismiss the Complaint. *See* Docket Nos. 24, 30, and 54. In a nutshell, those defendants sought the dismissal of the following causes of action in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Specifically, the sought the dismissal of the RICO claims based on failure to meet the pleading standards and that the Puerto Rico law claims were time-barred. *See* Docket Nos. 24, 30, and 54.

On August 23, 2024, the Court issued an Opinion and Order which granted in part various motions to dismiss filed by the Defendants. *See* Docket No. 74. In its pertinent part, the Court dismissed with prejudice TBB's state claims subject to a one-year statute of limitations, including its tort, fraud, and unjust enrichment claims pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*, p. 20. Particularly, the Court resolved that the new Puerto Rico Civil Code, similarly to the previous Civil Code, establishes a one-year statute of limitations for tort-based actions and unjust enrichment, fraud, and other non-contractual claims. *Id.*, p. 16.

TBB respectfully moves the Court for partial relief of the Opinion and Order pursuant to Fed. R. Civ. P. 60(b)(1). First, the complained activity occurred between 2015 and February 2020. *See* Docket No. 1 ¶¶ 94, 109 and 134. It is well established that if the events of a case occurred before the implementation of the 2020 Puerto Rico Civil Code, then the Puerto Rico Civil Code of 1930 should be applied instead. *See e.g., Candelaria-Fontanez v. Federal Bureau of Prisons*, 2023 WL 2895150, at *3 (D.P.R. 2023); *Fazio v. James River Insurance Company*, 2022 WL 6181469,

2

n.1 (D.P.R. 2022); *Wiscovitch v. Cruz*, 2022 WL 1272153, n.15 (D.P.R. 2022).[1] The unjust enrichment claims posed in the Complaint are not subject to a one-year statute of limitations but to a fifteen-year statute of limitations, as ruled by the Puerto Rico Supreme Court in *El Municipio de Cayey v. Soto Santiago*, 1992 P.R.-Eng. 754, 851 P.R. Offic. Trans. under the Puerto Rico Civil Code of 1930 and its interpretative case law. Similarly, the fraud and fraud in the inducement claims included in the Complaint are not subject to a one-year statute of limitations but to a fifteen-year statute of limitations, as established by the Puerto Rico Civil Code of 1930, which was current when the prohibited activity occurred. *See Radiology Inst. & Imaging Ctr., Inc. v. N. Am. Philips Corp.*, 956 F. Supp. 92, 97 (D.P.R. 1997). The present Complaint was filed on June 12, 2023, less than eight (8) years since the first proscribed instance. As such, this Court should relieve TBB from the determination to dismiss the unjust enrichment, fraud, and fraud in the inducement claims.

## II.    Standard of Review

Federal Rule of Civil Procedure 60(b) invested the federal courts, in certain carefully delimited situations, with the power to vacate judgments whenever such action is appropriate to accomplish justice. *Klapprott v. United States*, 335 U.S. 601, 614–15 (1949). It allows relief "from a final judgment, order, or proceeding" on a motion and just terms for a set number of reasons. Fed. R. Civ. P. 60(b). Specifically, Federal Rule of Civil Procedure 60(b)(1) allows a party to seek relief from a final judgment, order, or proceeding based on, among other things, a "mistake." *Kemp v. United States*, 596 U.S. 528, 530 (2022). The Supreme Court had held that a judge's errors of law are indeed "mistake[s]" under Rule 60(b)(1). *Id*.

Motions brought under Federal Civil Rule 60(b) are committed to the district court's discretion. *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline*

---

[1] The 2020 Puerto Rico Civil Code became effective on November 28, 2020. *Rivera Molina v. Casa La Roca, LLC*, No. CV 21-1004 (GAG), 2021 WL 1178467, at *1 (D.P.R. Mar. 29, 2021).

*Transp. Co.*, 953 F.2d 17, 19 (1st Cir. 1992). In exercising its discretion under Rule 60(b), the district court must look, *inter alia*, to whether the party seeking relief has a potentially meritorious claim or defense. *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989). Other factors include the timing of the request for relief, the extent of any prejudice to the opposing party, and the presence or absence of exceptional circumstances. *Ungar v. Palestine Liberation Org.*, 599 F.3d 79, 83 (1st Cir. 2010).

TBB respectfully moves the Court for partial relief of the Opinion and Order. The Court dismissed several causes of action under Puerto Rico law, reasoning they were time-barred due to the applicable one-year statute of limitations. However, as will be discussed in detail in the upcoming sections, the causes of action are not time-barred under the applicable Puerto Rico law, which is why the Court's determination is an error of law, which can be considered a mistake under Fed. R. Civ. P. 60(b)(1) and its interpretative case law. There is no doubt that TBB has a meritorious defense and that the timing of the request for relief is proper, considering the stage of the proceedings.

**II.     Legal Argument**

**A.     TBB's Cause of Action for Unjust Enrichment is Not Time Barred.**

Unjust enrichment is a doctrine based on equity of general application to all situations where its nonapplication would perpetuate the inequity that someone may unjustly enrich himself at the expense of another. *Medina & Medina v. Country Pride Foods Ltd.*, 631 F. Supp. 293, 302 (D.P.R. 1986). Considering that it was a doctrine based on equity and not recorded in the Puerto Rico Civil Code of 1930, the Puerto Rico Supreme Court held that an unjust enrichment claim carried a fifteen-year statute of limitations. *El Municipio de Cayey*, 1992 P.R.-Eng. 754,881, P.R.

Offic. Trans.[2] It is well established that if the events of a case occurred before the implementation of the 2020 Puerto Rico Civil Code, then the Puerto Rico Civil Code of 1930 should be applied instead. *See e.g., Candelaria-Fontanez*, 2023 WL 2895150; *Fazio*, 2022 WL 6181469; *Wiscovitch*, 2022 WL 1272153.

The Court's Opinion and Order dismissed TBB's unjust enrichment claims with prejudice by categorizing them under a one-year statute of limitation. *See* Docket No. 74, p. 20. However, as alleged in the Complaint, TBB stated that the defendants obtained from the Bank at least from 2015 to 2020 more than $29 million through loans, credit facilities, collateral, and guarantees extended using the Bank's assets as collateral under false representations and pretenses. *See* Docket No. 1 ¶ 279. The defendants were mere conduits to transfer those prepayments through the defendants' accounts that were related to and/or controlled by Defendant Oliveros. *Id*. Those disbursements were illegal. *Id*. This unjust enrichment occurred outside of and is not included within any of the loans and credit facilities agreements, and guaranteeing related third-party loans from third-party financial institutions using the Bank's assets as collateral that could have legitimately been requested from the Bank. *Id*., ¶ 282.

Moreover, TBB claimed that Defendants Inversiones Saitam, S.A. and Consultora Baru 2018, C.A. charged the Bank in excess of $4.4 Million from January 2016 through February 2020 for alleged services that would be provided under the Prepaid Services arrangements. *Id*., ¶ 287. Inversiones Saitam and Consultora Baru were mere conduits to transfer those prepayments through the defendants' accounts related to and/or controlled by Defendant Oliveros. *Id*. Accordingly,

---

[1] The 1930 Puerto Rico Civil Code was abrogated by 31 P.R. Laws Ann. § 5311 et seq. ("2020 Puerto Rico Civil Code"). *Rodriguez on behalf of P.V.M. v. Mennonite Gen. Hosp., Inc.*, No. CV 21-01286, 2023 WL 3902717, at *1 (D.P.R. June 7, 2023). The fifteen-year statute of limitations applied until the 2020 Puerto Rico Civil Code was adopted. The 2020 Puerto Rico Civil Code became effective on November 28, 2020. *Rivera Molina v. Casa La Roca, LLC*, No. CV 21-1004 (GAG), 2021 WL 1178467, at *1 (D.P.R. Mar. 29, 2021). Contrary to the Court's expressions in the Opinion and Order, under the current Puerto Rico Civil Code, a claim for unjust enrichment carries a four-year statute of limitations for acts after November 28, 2020. *See* PR Laws Ann. tit. 31 § 9495 (Exhibit 1).

5

those charges were illegal. *Id*. The defendants were, therefore, enriched by their unlawful conduct. *Id*., ¶ 289. This unjust enrichment occurred outside of and is not included within any of the services that could have legitimately been provided to the Bank under the Prepaid Services. *Id*., ¶ 290.

Based on the aforementioned, TBB alleged activity from the defendants amounting to unjust enrichment, which occurred between 2015 and February 2020. The activity occurred under the current Puerto Civil Code of 1930 at the time. It was subject to a fifteen-year statute of limitations as decided by the Puerto Rico Supreme Court in *El Municipio de Cayey*, 1992 P.R.-Eng. 754, P.R. Offic. Trans. Therefore, contrary to what this Court held in the Opinion and Order, the unjust enrichment claims included by TBB in the Complaint were not subject to a one-year statute of limitation. As a result, TBB respectfully moves the Court to reconsider said ruling, dismissing the cause of action for unjust enrichment.

**B.     TBB's Cause of Action for Fraud and Fraudulent Inducement is Not Time-Barred.**

Fraud that affects a contracting party is known as "dolo" or deceit under Puerto Rico law. *Fournier v. Eastern Airlines, Inc*., 655 F.Supp. 1037, 1038–1039 (D.P.R.1987). Puerto Rico law sets forth two types of contractual deceit: deceit in forming the contract, and deceit in performing the contractual obligations. *Márquez v. Torres Campos*, 111 P.R. Dec. 854, 863 (1982). Pursuant to Article 1221 of the Puerto Rico Civil Code of 1930 there is fraud or deceit ("dolo") when, by words or insidious machinations on the part of one of the contracting parties, the other is induced to execute a contract that he would not have made without them. PR Laws Ann. tit. 31 §3408.

Deceit can exist either in forming a contract where a party obtains the consent of another through deceptive means or in performing a contractual obligation where a party knowingly and intentionally, through deceitful means, avoids complying with its contractual obligation. *Generadora de Electricidad del Caribe, Inc. v. Foster Wheeler Corp*., 92 F. Supp. 2d 8, 18 (D.P.R.

2000) (first citing PR Laws Ann. tit. 31, §§ 3404-3409, then citing PR Laws Ann. tit. 31, §§ 3018-3019). Article 1054 of the Puerto Rico Civil Code of 1930 stated that "[t]hose who in fulfilling their obligations are guilty of fraud, negligence or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnify for the losses and damages caused thereby." P.R. Laws Ann. tit. 31, § 3018 (1990).

As mentioned before, if the events of a case occurred before the implementation of the 2020 Puerto Rico Civil Code, then the Puerto Rico Civil Code of 1930 should be applied instead. *See e.g., Candelaria-Fontanez*, 2023 WL 2895150; *Fazio*, 2022 WL 6181469; *Wiscovitch*, 2022 WL 1272153. The limitation period for "dolo" claims arising from a contract in Puerto Rico was fifteen years under the Puerto Rico Civil Code of 1930. *Radiology Inst. & Imaging Ctr., Inc.*, 956 F. Supp. 92.[3] The statute of limitations will begin to run when plaintiff becomes aware of the damage and the person who caused it. *Santiago Hodge v. Parke Davis & Co.*, 909 F.2d 628, 632–33 (1st Cir.1990). In cases of fraud, the statute of limitations will commence running not from the date of the fraud but from when it was discovered or when, with reasonable diligence, it might have been discovered. *Garcia v. Bernabe*, 289 F.2d 690, 692 (1st Cir.1961).

In the Complaint, TBB referenced Article 1221 of the Puerto Rico Civil Code of 1930 and stated that the defendants committed deceit when, by words or insidious machinations on the part of one of the contracting parties, the other was induced to execute a contract that he would not have made without them. *See* Docket No. 1 ¶ 267. Specifically, TBB alleged that the defendants concealed the architecture involved in requesting loans, credit facilities, overdrafts extended by

---

[3] The Puerto Rico Civil Code of 1930 was abrogated by 31 P.R. Laws Ann. § 5311 et seq. ("2020 Puerto Rico Civil Code"). *Rodriguez on behalf of P.V.M.*, No. CV 21-01286, 2023 WL 3902717, at *1. The fifteen-year statute of limitations applied until the adoption of the current 2020 Puerto Rico Civil Code. The 2020 Puerto Rico Civil Code became effective on November 28, 2020. *Rivera Molina*, No. CV 21-1004 (GAG), 2021 WL 1178467, at *1. Contrary to the Court's expressions in the Opinion and Order, under the 2020 Puerto Rico Civil Code, a claim for contractual fraud or "dolo" carries a four-year statute of limitations for acts after November 28, 2020. *See* PR Laws Ann. tit. 31 § 9495 (Exhibit 1).

the Bank, payments from prepaid services, and loans from third-party financial institutions using the Bank's assets as collateral, and misrepresented the real purposes for which those loans, credit facilities, and overdrafts were requested. *Id*., ¶ 268.

Also, Defendants have concealed that the defendants' entities were merely sham entities in reality controlled by Defendants Oliveros and/or Valencia and have concealed their knowledge that it was illegal for Defendant Oliveros to benefit from the proceeds under the loans, credit facilities, overdrafts extended by the Bank, payments from prepaid services, and loans from third-party financial institutions using the Bank's assets as collateral, obtained employing false pretenses. *See* Docket No. 1 ¶ 269. These misrepresentations were made in oral and written representations described above, and led to the extension of loans, credit facilities overdrafts by the Bank, and loans from third-party financial institutions using the Bank's assets as collateral. These misrepresentations were also made by failing to disclose the information in documents submitted to the Bank containing false information. *Id*., ¶ 270. In disbursing funds pursuant to the loans, credit facilities, overdrafts, and guaranteeing related third-party loans from third-party financial institutions using the Bank's assets as collateral, the Bank reasonably and justifiably relied on the defendants' false representations and concealments of fact. *Id*., ¶ 274.

Further, TBB argued in the Complaint that the defendants knew and intended that the Bank would enter into the Prepaid Services arrangements, lacking knowledge that Defendants Inversiones Saitam and Consultora Baru would not be providing services as represented. *See* Docket No. 1 ¶ 271. Moreover, the defendants knew and intended that the Bank would be deceived into believing that Defendants Inversiones Saitam and Consultora Baru legitimately provided the services included in the prepayments that the Bank was prepaid. *Id*., ¶ 272. The defendants knew and intended that the Bank would disburse prepayments under the Prepaid Services arrangements,

knowing the funds were going to be diverted to the defendants' account, to related third parties, payments of loans for related third parties, dividends for directors of a related Bank, and bonuses of related Bank employees that was not aligned with the services contracted. *Id*., ¶ 273. In paying the requested amount submitted under the Prepaid Services arrangements, the Bank reasonably and justifiably relied on the defendants' false representations and concealments of fact. *Id*., ¶ 275.

Through the Opinion and Order, the Court dismissed TBB's fraud and fraud in the inducement claims with prejudice by categorizing them under a one-year statute of limitation. *See* Docket No. 74, p. 20. As stated, the Puerto Rico Civil Code of 1930 provided a fifteen-year statute of limitations for activity amounting to fraud ("dolo"). TBB argued that the misrepresentations made by the Defendants led the Bank to extend loans, credit facilities overdrafts, and loans from third-party financial institutions using the Bank's assets as collateral, as well as to enter into the Prepaid Services arrangements with Inversiones Saitam and Consultora Baru. Conduct that amounted to fraud or "dolo" under the Puerto Rico Civil Code of 1930. The alleged transactions at issue in this case spanned from 2015 to February 2020. *See* Docket No. 1 ¶¶ 94, 109 and 134. TBB has adequately established that its lack of knowledge was not due to its own carelessness but because of the extent of the defendants' concealment and the complexity of the illegal schemes. It is evidently clear that the proscribed conduct occurred during the application of the Puerto Rico Civil Code of 1930. Thus, TBB respectfully moves the Court to reconsider its ruling, dismissing the cause of action for fraud and fraud in the inducement, as it is not time-barred.

WHEREFORE, TBB respectfully requests the Honorable Court that, pursuant to Fed. Civ. P. 60(b)(1) relieves TBB from its decision in Docket No. 74 to dismiss the unjust enrichment, fraud, and fraud in the inducement claims.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED that, on this same date, a copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this 8th day of October 2024.



**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9132
Fax 939-697-6102

*/s/ José Sosa Lloréns*
José Sosa Lloréns
USDC-PR No. 208602
jose.sosa@us.dlapiper.com

*/s/ Yahaira De la Rosa Algarín*
Yahaira De la Rosa Algarín
USDC-PR No. 306601
yahaira.delarosa@us.dlapiper.com