## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**TBB INTERNATIONAL BANK CORP.,**
Plaintiff,

v.

**JOSÉ ANTONIO OLIVEROS FEBRES CORDERO, ET AL.,**
Defendants.

CIVIL NO. 23-01310 (ADC)

## RESPONSE IN OPPOSITION TO MOTION
## FOR PARTIAL RELIEF FROM OPINION AND ORDER

**TO THE HONORABLE COURT:**

**COMES NOW** Defendants Alejandro J. Valencia Hurtado, ("Mr. Valencia") and Gustavo José Gerardo Corredor Salcedo ("Mr. Corredor"), through the undersigned attorneys and respectfully allege and pray as follows:

### I. INTRODUCTION

In a misguided attempt to reinstate state claims for fraud and damages, Plaintiff TBB International Bank Corp. ("TBB") has filed a *Motion for Partial Relief from Opinion and Order* (Docket No. 79), in which it introduces a convoluted mixture of legal concepts that are incompatible. These efforts are transparently aimed at misleading the Court and undermining the sound judgment previously rendered in this Court's Opinion and Order (Docket No. 74).

As outlined in this response, this Court rightly dismissed TBB's claims, which were not only time-barred but also insufficiently pleaded, with no specific supporting assertions of fraud, breach of contract, or unjust enrichment. Defendants Mr. Valencia and Mr. Corredor now respectfully request that this Court deny TBB's motion and uphold the original ruling in favor of the Defendants.

### II. DISCUSSION

**A. Standard of Review for a Motion under motion under Rule 60(b).**

1

Pursuant to Rule 60(b), a court has the "discretion to `relieve a party ... from a final judgment, order, or proceeding' if any of six different factors is met." *Del Moral v. UBS Fin. Services, Inc.*, of Puerto Rico, 815 F. Supp. 2d 495, 503 (D.P.R. 2011). A party's motion under Rule 60(b) must show that "[the] motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, [the party] has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted." *Karak v. Bursaw Oil Corp.,* 288 F.3d 15, 19 (1st Cir. 2002).

However, relief under Rule 60(b) is extraordinary and should be granted sparingly. *Unibank for Escuela de Medicina Universidad Cent. del Caribe,* 257 F.3d 58, 64 (1st Cir. 2001) (noting 60(b) motions should only be granted "under exceptional circumstances" as the First Circuit "has taken a harsher tack" compared to other courts.).

**B. The fifteen (15) year statute of limitations established in the Puerto Rico Civil Code of 1930 does not apply to TBB's causes of action for fraud and fraudulent inducement.**

In a desperate attempt to reinstate its state claim for fraud and damages, TBB has constructed a convoluted mixture of legal concepts that are incompatible with one another, with the sole purpose of misleading this Court. First, it is clear that the cause of action asserted in the complaint was for damages pursuant to Article 1802 of the Puerto Rico Civil Code, 31 PR Laws Ann. § 5141[1], and not under Article 1054 of the Puerto Rico Civil Code, 1930 P.R. Laws Ann. tit. 31, § 3018. Therefore, the court rightly dismissed that cause of action because it was time-barred.

Second, TBB did not plead a claim for breach of contract in its complaint. This is something TBB has brought up for the first time in its *Motion for Partial Relief.* What TBB actually did was that it cited Article 1221 of the Puerto Rico Civil Code of 1930 to define fraud or deceit ("dolo").

---

[1] Since the claims date back to before November 28, 2020, the Puerto Rico Civil Code of 1930 applies to this case.

Under Puerto Rico contract law, deceit, or "dolo", may exist "either in the formation of a contract where a party obtains the consent of another through deceptive means, or in the performance of a contractual obligation where a party knowingly and intentionally, through deceitful means, avoids complying with its contractual obligations." *Carrero v. Molina Healthcare of Puerto Rico, Inc.*, 602 F. Supp. 3d 310, 313 (D.P.R. 2022) (citing *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (internal quotation marks and citations omitted)).

Dolo is considered "grave" when it determines a party's consent and "incidental" when it merely influences the party's consent. *Id.* Grave dolo nullifies the contract, while incidental dolo merely gives rise to a claim for damages. *Id.* Although dolo and fraud are similar concepts, they are not identical. As this District has explained, "a fact pattern involving contract fraud will always involve 'dolo,' but a fact pattern involving 'dolo' will not always involve fraud." *Carrero*, 602 F. Supp. 3d at 313 (citing *Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp.*, 92 F. Supp. 2d 8, 19 (D.P.R. 2000)).

A party claiming to have been a victim of "dolo" in the formation of a contract has the right to bring a claim for the annulment of the contract. Such an annulment action must be exercised by the party with standing within the four (4) year statute of limitations, which begins to run from the time the contract is consummated. See Article 1253 of the Civil Code of 1930, P.R. Laws Ann. tit. 31, § 3512. See also *Arrieta-Gimenez v. Arrieta-Negron*, 672 F. Supp. 46, 49-50 (D.P.R.1987) ("[S]uch an action cannot be brought once four years have passed since the execution of the contract."). In this case, the fraud claims are not related to "dolo," but even if they were, all the alleged acts were consummated more than four (4) years prior to the filing of the complaint. Thus, all the claims would also have been time-barred.

3

Third and finally, no claim for intentional breach or deceit in the performance of any obligation was alleged. Therefore, Article 1054 of the Puerto Rico Civil Code of 1930, P.R. Laws Ann. tit. 31, § 3018, and the fifteen (15) year statute of limitations set forth in the Puerto Rico Civil Code of 1930, do not apply. In sum, this Court should not reconsider or set aside its determination regarding TBB's Fraud in the Inducement claim.

**C. TBB did not State a Claim for Unjust Enrichment.**

Unjust enrichment occurs "when the laws have not foreseen a situation where a patrimonial shift occurs, which shift cannot be rationally explained by the prevalent body of laws." *Punta Lima, LLC v. Punta Lima Dev. Co.*, 440 F. Supp. 3d 130, 151 (D.P.R. 2020) citing *Ortiz Andújar v. Commonwealth of Puerto Rico*, 22 P.R. Offic. Trans. 774, 780, 122 D.P.R. 817 (1988). To prove a claim for unjust enrichment under Puerto Rico law, "[t]he following requirements must be present: (1) existence of enrichment; (2) a correlative loss; (3) nexus between loss and enrichment; (4) lack of cause for enrichment; and (5) absence of a legal precept excluding application of enrichment without cause." *Hatton v. Municipality of Ponce,* 134 D.P.R. 1001 (1994).

Although TBB is correct in stating that the fifteen (15) year statute of limitations set forth in the Puerto Rico Civil Code of 1930 applies to its Unjust Enrichment claim, it should be noted that TBB makes only general and conclusory allegations of unjust enrichment and does not include any specific factual events to demonstrate that it suffered a loss that can be attributed to the appearing Defendants. Specifically, TBB does not allege how Mr. Valencia and Mr. Corredor were enriched, nor does it specify the exact amount of money they received as a result of the alleged fraudulent acts. Moreover, TBB asserts that the only party who benefited was Defendant Oliveros (Docket No. 1, ¶288).

In addition, most of the acts that TBB uses to establish the applicability of the claim for

unjust enrichment are related to contractual agreements, which preclude such claims. The "unjust enrichment doctrine is applicable to do justice to one party in the absence of a contractual or legal obligation from the other party." *Umpierre v. Torres Díaz*, 14 P.R. Offic. Trans. 578, 593, 114 D.P.R. 449 (1983). "Thus, enrichment is not unjustified as long as there is an equivalent contractual obligation or title acquired by purchase or by gift, or is the result of a legal or natural obligation." *Ortiz Andújar,* 22 P.R. Offic. Trans. at 786, 122 D.P.R. 817; see also *Candelario del Moral v. UBS Fin. Servs. Inc. of P.R.*, 81 F. Supp. 3d 143, 152 (D.P.R. 2014) ("Enrichment is considered just—not unjust—when it results from a contractual obligation, from a title validly acquired by purchase or gift, or as a result of a legal or natural obligation.").

Additionally, under Puerto Rico law, unjust enrichment claims are available only in the absence of "applicable statutes." In this case, TBB already has already a federal cause of action (RICO) to seek redress for the damages alleged in the complaint. See *Westernbank P.R. v. Kachkar*, Civil No. 07-1606 (ADC/BJM), 2009 WL 6337949, at *29 (D.P.R. Dec. 10, 2009) ("Since several statutes are applicable to the case at issue, the doctrine of unjust enrichment is precluded."), R&R adopted, (D.P.R. Mar. 31, 2010); <u>Marrero-Rolon v. Autoridad de Energia Electrica de P.R.</u>, Civ. No. 15-1167 (JAG/SCC), 2015 WL 5719801, at *19 (D.P.R. Sept. 29, 2015) ("Numerous courts in this district have held that this applies even at the pleading stage and in spite of the federal courts' general acceptance of alternative pleadings."), R&R adopted, (D.P.R. Mar. 31, 2016); see also *El Toro Elec. Corp. v. Zayas*, 6 P.R. Offic. Trans. 133, 138 (1977) (holding that unjust enrichment claims cannot be sustained unless the plaintiff has "no other action to obtain redress" (quotations omitted)). Accordingly, this Court should not reconsider or set aside its dismissal of TBB's Unjust Enrichment claim.

### III. CONCLUSION

To sum up, the state claims pled under supplemental jurisdiction are time barred and no met the pleading standard. Accordingly, the Appearing Defendant respectfully request this Court to deny TBB's *Motion for Partial Relief from Opinion and Order* (Docket No. 79).

**WHEREFORE**, it is respectfully requested that this Court denies deny TBB's *Motion for Partial Relief from Opinion and Order* (Docket No. 79).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this October 22, 2024.

**WE HEREBY CERTIFY** the undersigned counsel electronically filed the foregoing with the Clerk of Court using the CM/ECF system which electronically mails notice to the attorneys of record.

**BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel.: (787) 946-5268

*s/Alejandro Bellver Espinosa*
Alejandro Bellver Espinosa, *Esq.*
USDC-PR No. 225708
alejandro@bellverlaw.com

*s/Gerardo M. Ortiz Torres*
Gerardo M. Ortiz Torres, *Esq.*
USDC-PR No. 309303
gerardo@bellverlaw.com