# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TBB INTERNATIONAL BANK CORP.,**<br>Plaintiff,<br><br>v.<br><br>**JOSÉ ANTONIO OLIVEROS FEBRES CORDERO, ET AL.,**<br>Defendants. | CIVIL NO. 23-01310 (ADC) |

## RESPONSE IN OPPOSITION TO MOTION
## TO COMPEL AS TO GUSTAVO JOSÉ GERARDO CORREDOR SALCEDO

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant Gustavo José Gerardo Corredor Salcedo, ("Mr. Corredor") through the undersigned attorneys and respectfully alleges and prays as follows:

### I. INTRODUCTION

On December 31, 2024, plaintiff TBB International Bank Corp. ("TBB") filed a Motion to Compel (Docket No. 93) Mr. Corredor to respond to the discovery requests it made under the *Becher* authorized by this Court. However, TBB's motion is procedurally deficient as it fails to comply with Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1), which mandate a good-faith effort to resolve discovery disputes before seeking court intervention.

Furthermore, TBB's discovery requests exceed the limited scope of discovery permitted under the principles established in *Becher*, as they seek irrelevant and overly broad information unrelated to the alleged use of interstate communications in furtherance of a fraud scheme. Additionally, Mr. Corredor has certified that certain requested documents are not in his possession, custody, or control, rendering TBB's demands for these materials futile. For these reasons, as detailed below, TBB's Motion to Compel should be denied in its entirety.

### II. DISCUSSION

**A. TBB failed to comply with Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1).**

1

Local Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1) require that before filing a motion to compel, the moving party has to certify that it [has made a reasonable and good-faith effort to [try and solve the discovery dispute] with opposing counsel" without the court's intervention. Local Rules of the U.S. Dist. Court for the Dist. of P.R. Rule 26(b); see Fed. R. Civ. P. 37(a)(1); *Brenford Envtl. Sys. L.P. v. Pipeliners of P.R.*, 269 F.R.D. 143, 147 (D.P.R. 2010). "An attempt to confer will not suffice." Local Rule 26(b); *Vázquez-Fernández v. Cambridge Coll., Inc.*, 269 F.R.D. 150, 163 (D.P.R. 2010).

In this case, it is clear that TBB has failed to comply with the provisions of Local Civil Rule 26(b) and Federal Rule of Civil Procedure 37(a)(1). First, TBB did not include in its motion a certification stating that it attempted in good faith to discuss the discovery dispute either personally or through a telephone conference. *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. 31, 40-41 (D.P.R. 2010) (citing *Shuffle Master, Inc. v. Progressive Games Inc.*, 170 F.R.D. 166, 172 (D. Nev.1996)).

Second, from the emails and letter that TBB included with its motion it's clear that they "do not reveal that a good faith effort was made in order to reach an agreement over the discovery dispute. *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. at 40-41 (citing *Antonis v. Elec. for Imaging, Inc.*, 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("emails . . . do[ ] not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies"); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (the meet and confer "prerequisite is not an empty formality" and "cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue")).

The only thing that can be drawn from these communications is TBB's unwillingness to solve the dispute by threatening the defendant with filing a motion to compel if the documents

requested were not produced. "Thus, plaintiff['s] failure to comply with the meet and confer requirements constitutes sufficient reason to deny the motions to compel." *Aponte-Navedo v. Nalco Chem. Co.*, 268 F.R.D. at 41.

**B. TBB's discovery TBB seeks material outside the scope of the limited discovery permitted under *Becher*.**

A simple review of TBB's written discovery shows that TBB seeks material outside the scope of the limited discovery permitted under *Becher*. The discovery under Belcher should be directed to the usage interstate mail or telecommunications facilities and that such specific information is likely in the exclusive control of the defendants. *New England Data Services, Inc. v. Becher*, 829 F.2d 286, 291 (1st Cir. 1987); *Efron v. UBS Fin. Servs. Inc. of Puerto Rico*, 96 F.4th 430, 436 (1st Cir. 2024).

Here, TBB is asking for information and documents related to Mr. Corredor's source of income, tax documents and other personal information that are not related with the usage of interstate mail or telecommunications facilities.[1] None of that will lead to the discovery of any wire transfer, transportation of stolen money nor money laundering transactions as alleged in the complaint. (See Docket No. 1, ¶171-189).

Moreover, TBB is asking for documents and information in regards to transactions from Activo International Bank, Inc. hat should be in the sole possession of TBB and that are not in the control of Mr. Corredor.[2] See *Sanchez v. Triple-S Mgt. Corp.*, 446 F. Supp. 2d 48, 56 (D.P.R. 2006), aff'd, 492 F.3d 1 (1st Cir. 2007) (explaining that *Becher* discovery was not available where "any communications transmitted in furtherance of a fraud scheme necessarily must be (or must

---

[1] See TBB's Interrogatory No. 2 and Requests Nos. 15-16; and Mr. Corredor's responses. Docket Nos. 93.1, 93.2, 93.3, 93.5.
[2] See TBB's Interrogatory No. 3 and Requests Nos. 2-14, 18-19, 22; and Mr. Valencia's responses. Docket Nos. 93.1, 93.2, 93.3, 93.5.

3

have been) in Plaintiffs' possession"). Mr. Corredor was an only an employee of two corporations that provided services to the bank. He does not have any information related to any transaction of Activo International Bank, Inc.

Furthermore, Mr. Corredor has certified that he doesn't have in his possession contracts and agreements between him and any of the defendants; communications with other Defendants and documents related to Activo International Bank, Inc.[3] In regards to those documents, "the Court cannot compel what does not exist." *Updatecom, Inc. v. FirstBank Puerto Rico, Inc.,* 2012 WL 12996276, at *4 (D.P.R. Sept. 27, 2012).

At last, its clear the TBB's requests are a fishing expedition.[4] The right to discovery is not unlimited. See *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451 (1947). A. plaintiff is not permitted "to `go fishing' and [the] trial court retains discretion to determine that a discovery request is too broad and oppressive." *Del Carmen Taboas v. Fiddler, Gonzalez & Rodriguez, PSC,* 2014 WL 12889572, at *3 (D.P.R. Apr. 2, 2014) (quoting *Marshall v. Westinghouse Elec. Corp.,* 576 F.2d 588, 592 (5th Cir. 1978)). As a result, TBB's Motion to Compel should be denied in its entirety.

**WHEREFORE**, it is respectfully requested that this Court denies deny TBB's Motion to Compel (Docket No. 93).

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this January 17, 2025.

---

[3] See TBB's Interrogatories Nos. 1, 4 and Requests Nos. 2-14, 17, 23-36; and Mr. Corredor's responses. Docket Nos. 93.1, 93.2, 93.3,93.5.
[4] See TBB's Requests Nos. 37-39; and Mr. Valencia's responses. Docket Nos. 93.1, 93.2, 93.3,93.5.

**WE HEREBY CERTIFY** the undersigned counsel electronically filed the foregoing with the Clerk of Court using the CM/ECF system which electronically mails notice to the attorneys of record.

                                                  **BELLVER ESPINOSA LAW FIRM**
Condominio El Centro I, Suite 801
500 Muñoz Rivera Avenue
San Juan, Puerto Rico 00918
Tel.: (787) 946-5268

*s/Alejandro Bellver Espinosa*
Alejandro Bellver Espinosa, *Esq.*
USDC-PR No. 225708
alejandro@bellverlaw.com

*s/Gerardo M. Ortiz Torres*
Gerardo M. Ortiz Torres, *Esq.*
USDC-PR No. 309303
gerardo@bellverlaw.com