IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TBB INTERNATIONAL BANK CORP.**<br>Plaintiff<br><br>v.<br><br>**JOSE ANTONIO OLIVEROS-FEBRES-CORDERO, et al.**<br>Defendants | Case No. 23-cv-1310-ADC |

**JOINT RESPONSE TO PLAINTIFF'S SEVEN MOTIONS TO COMPEL DISCOVERY**
**[DOCKET NUMBERS 94, 95, 96, 98, 99, 100, and 101]**

**COME NOW** the defendants Alexandra Oliveros-Febres-Cordero, María Eugenia Febres Cordero Zamora, José Antonio Oliveros Mora, Don Goyo Corporation Aviation, Gorlio Enterprises Ltd., El Retiro Group Ltd., and AIB Properties Limited Ltd. (collectively, "Defendants"), by and through the undersigned counsel, and hereby respectfully state, aver, and request that the Honorable Court deny the plaintiff TBB International Bank Corp.'s ("Plaintiff") motions to compel. *See* Docket Nos. 94, 95, 96, 98, 99, 100, and 101. Without justification, Plaintiff treats limited *Becher* discovery as full-fledged discovery. When evaluating this case using the appropriate *Becher* standard, Plaintiff's arguments fall short.

**I.    BRIEF PROCEDURAL OVERVIEW**

Plaintiff filed the instant complaint against sixteen defendants, including the seven appearing defendants. Docket No. 1. After this Court granted three motions to dismiss in part, the only remaining claims by Plaintiff are the following: (1) RICO under 18 U.S.C. § 1962(c) and (2) RICO conspiracy under 18 U.S.C. § 1962(d). Docket No. 74. The Court found a temporary middle ground on these remaining claims. Specifically, these two RICO claims were deemed inadequate, but the Court allowed Plaintiff to conduct "*limited* Becher discovery" and potentially

amend the complaint to try and comply with the required pleading standard. *Id.* at p. 20 (emphasis added).

## II.    *BECHER* DISCOVERY VS. PLAINTIFF'S ATTEMPTED DISCOVERY

Plaintiff next proceeded to submit extensive and wide-ranging interrogatories and requests for production to all sixteen defendants. Despite our good faith efforts to comply with these discovery requests, we are forced to follow the Court's ruling and the *Becher* line of cases. The best summary of the *Becher* line of cases was identified by the First Circuit less than a year ago:

> In Becher, we held that, where allegations supporting a RICO claim do not satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b), a court should not "automatic[ally]" dismiss the claim. 829 F.2d at 290. Instead, if the complaint raises "specific allegations ... [that] make it likely that the defendant used interstate mail or telecommunications facilities" and the court finds "specific information as to use [of interstate mail or telecommunications] is likely in the exclusive control of the defendant," the court "should make a second determination as to whether the claim as presented warrants the allowance of discovery." *Id.* **Put simply, Becher discovery assists the plaintiff in accessing information to allow them "to plead the time, place and contents of communications between the defendants" with sufficient particularity.** *Id.* at 291.

*Efron v. UBS Fin. Servs. Inc. of Puerto Rico*, 96 F.4th 430, 436 (1st Cir. 2024) (citing *New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987)) (emphasis in bold added).

It should be noted that, in good faith, Defendants did provide more information than was required by *Becher*. However, we are uncomfortable going any further past the *Becher* discovery line absent an order to the contrary.

### III. ANALYSIS OF PLAINTIFF'S SPECIFIC DISCOVERY REQUESTS

#### A. Defendant Alexandra Oliveros Febres Cordero

| Interrogatories to Defendant Alexandra Oliveros Febres Cordero | |
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1, 3-4 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| 2 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| **Requests for Production to Defendant Alexandra Oliveros Febres Cordero** | |
| Production Request Number | Response to any request to compel. |
| 1-4, 6, 8-10, 12-14, 17-19, 21-22, 25-38 | Responded to in good faith that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |
| 5, 7, 11, 15-16 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| 20, 23-24 | These requests seek communication between family members over a span of sixteen years (from 2008 to the present) and compliance with this request would be unduly burdensome and onerous. Moreover, this request seeks information that is wholly irrelevant to the complaint and/or that falls outside the scope of permissible *Becher* discovery. |
| 39 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |

B. **Defendant María Eugenia Febres Cordero Zamora**

| Interrogatories to Defendant María Eugenia Febres Cordero Zamora ||
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1, 3-4 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| 2 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| **Requests for Production to Defendant María Eugenia Febres Cordero Zamora** ||
| Production Request Number | Response to any request to compel. |
| 1-4, 6, 8-10, 12-14, 17-19, 21-22, 25-39 | Responded to in good faith that that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |
| 5, 7, 11, 15-16 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| 20, 23-24 | These requests seek communication between family members over a span of sixteen years (from 2008 to the present) and compliance with this request would be unduly burdensome and onerous. Moreover, this request seeks information that is wholly irrelevant to the complaint and/or that falls outside the scope of permissible *Becher* discovery. |

C. **Defendant José Antonio Oliveros Mora**

| Interrogatories to Defendant José Antonio Oliveros Mora ||
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1, 3-4 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| 2 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| **Requests for Production to Defendant José Antonio Oliveros Mora** ||
| Production Request Number | Response to any request to compel. |
| 1-4, 6, 8-9, 11-14, 17-19, 21-22, 25-39 | Responded to in good faith that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |
| 5, 7, 10, 15-16 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |
| 20, 23-24 | These requests seek communication between family members over a span of sixteen years (from 2008 to the present) and compliance with this request would be unduly burdensome and onerous. Moreover, this request seeks information that is wholly irrelevant to the complaint and/or that falls outside the scope of permissible *Becher* discovery. |

D.  **Defendant Don Goyo Aviation Corporation**

| Interrogatories to Defendant Don Goyo Aviation Corporation ||
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1-7 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| **Requests for Production to Defendant Don Goyo Aviation Corporation** ||
| Production Request Number | Response to any request to compel. |
| 1-6, 8-10, 12-13, 15-18, 21-48 | Responded to in good faith that there are "none" without objection. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |
| 7, 11, 14, 19-20 | Request not reasonably calculated to "allow [Plaintiff] 'to plead the time, place and contents of communications between the defendants' with sufficient particularity." *Efron*, 96 F.4th at 436. Accordingly, an order to compel would be inappropriate. |

E.  **Defendant AIB Properties Limited Ltd.**

| Interrogatories to Defendant AIB Properties Limited Ltd. ||
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1-6 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| **Requests for Production to Defendant AIB Properties Limited Ltd.** ||
| Production Request Number | Response to any request to compel. |
| 1-46 | Responded to in good faith that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |

F.  **Defendant El Retiro Group Ltd.**

| **Interrogatories to Defendant El Retiro Group Ltd.** |
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1-6 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| **Requests for Production to Defendant El Retiro Group Ltd.** | |
| Production Request Number | Response to any request to compel. |
| 1-46 | Responded to in good faith that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |

G.  **Defendant Gorlio Enterprises Ltd.**

| **Interrogatories to Defendant Gorlio Enterprises Ltd.** | |
|---|---|
| Interrogatory Number | Response to any request to compel. |
| 1-6 | Responded to in good faith without objection by Defendant. An order to compel would not change the responses. |
| **Requests for Production to Defendant Gorlio Enterprises Ltd.** | |
| Production Request Number | Response to any request to compel. |
| 1, 3-7, 9-46 | Responded to in good faith that there are "none" without objection by Defendant. We are unaware of any binding precedent or any rule requiring that this response be provided under oath. |
| 2, 8 | Responded to in good faith without objection by Defendant. |

**WHEREFORE**, Defendants respectfully request that the Honorable Court deny Plaintiff's motions to compel as they attempt to stretch limited *Becher* discovery beyond recognition.

**I HEREBY CERTIFY** that, in accordance with Federal Rule of Civil Procedure 5, a true and correct copy of the foregoing has been furnished via CM/ECF to all appearing parties or their attorneys by way of their designated email addresses on this 24th day of January, 2025.

**RESPECTFULLY SUBMITTED** on this 24th day of January, 2025.

                                              **Manuel Alejandro Law Firm, LLC**
8350 NW 52nd Ter, Suite 301
Doral, FL 33166
Tel: (786) 554-3145

*s/ Manuel Alejandro Franco-Domínguez*
Manuel Alejandro Franco-Domínguez
USDC-PR No. 302406
Manuel@AlejandroLaw.net