IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TBB International Bank Corp., <br><br> Plaintiff, <br><br> v. <br><br> Alejandro J. Valencia Hurtado, *et al.*, <br><br> Defendants. | Civil Case No. 23-CV-01310 <br> (ADC) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY AS TO RESPONSES TO TBB´S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION TO ALEJANDRO J. VALENCIA HURTADO**

**TO THE HONORABLE COURT:**

**COMES NOW,** TBB International Bank Corp. (previously known as Activo International Bank, Inc.) (hereinafter, "TBB"), through the undersigned counsel, and respectfully states and prays as follows:

## I.     INTRODUCTION

On December 31, 2024, TBB filed *Plaintiff's Motion to Compel Discovery as to Responses to TBB's First Set of Interrogatories and First Set of Requests for Production to Alejandro J. Valencia Hurtado* ("Motion to Compel Adequate Discovery Responses"). *See* Docket No. 92. TBB stated that it was left with no other recourse than to file a motion to request the Court to Compel Defendant to respond to the discovery requests, as the good faith efforts undertaken by TBB have been fruitless.

In response, Defendant Alejandro J. Valencia Hurtado ("Defendant") filed a *Response in Opposition to Motion to Compel as to Alejandro J. Valencia Hurtado. See* Docket No. 109. Defendant alleged that TBB omitted to conduct a good faith effort to resolve discovery disputes before seeking the Court's intervention and that the discovery requests exceeded the limited discovery scope under *New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987).

1

For the reasons stated herein and in the TBB's Motion to Compel Adequate Discovery Responses [Docket. No. 92], TBB respectfully requests that the Court grant the Motion to Compel Adequate Discovery Responses.

## II.  LEGAL ARGUMENT

### A.  TBB Offered to Meet and Confer. Defendant Opted to Respond and Rehash Existent Objections to Discovery Without Producing a Single Piece of Document.

A party may move for an Order compelling discovery, including a specific discovery response, if a party fails to answer an interrogatory served pursuant to Federal Rule of Civil Procedure 33 or a party fails to respond that inspection will be permitted according to Federal Rule of Civil Procedure 34, FED. R. CIV. P. 37(a)(1)-(3). "For the purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Defendant provided an initial response to the Interrogatories and the Requests for Production on November 25, 2024, effectively objecting to all of the interrogatories and all of the requests for the production of documents and failing to provide a single document in response to the requests. Ultimately, Defendant failed to include any responses to Requests 1 through 45 without providing sufficient particular or specific grounds to support any objections.

In an effort to confer in good faith, on December 5, 2024, TBB's counsel sent an extensive correspondence to Defendant's counsel, explicitly detailing the inadequacies in Defendant's responses and requesting Defendant to withdraw his objections and supplement his responses with responsive information and documents. TBB stated in the letter that counsel was available to meet and confer, but the details of the objections to the responses are clearly stated in the letter itself. In the absence of the need for a meeting between counsel, TBB requested that, given the expedited *Becher* discovery period, any amended response to the Interrogatories and the Requests for Production be served no later than December 10, 2024.

Defendant's counsel failed to respond to the December 5, 2024, letter within the aforementioned deadline. Instead, Defendant served TBB with amended answers on December 20, 2024, which restate the objections previously provided, and although Defendant provided some context for his objections in the amended answers, reasonable requests for information continued to go unanswered by Defendant. None of the interrogatories were responded to, and no document was produced.

Defendant claims that TBB did not include a certification stating that it attempted in good faith to discuss the discovery dispute either personally or through a telephone conference. Also, TBB did not make any good-faith effort to resolve the discovery dispute. *See* Docket No. 109, p. 2. From the Motion to Compel Adequate Discovery Responses, TBB made clear that it made itself available to meet and confer with Defendant. TBB expounded its arguments to Defendant in a 16-page letter. However, Defendant responded by reinstating its objections and did not produce a single document. Instead of responding to TBB's letter, Defendant opted to rehash what was already stated while providing evasive or incomplete responses. Defendant did not act in good faith and any intent for TBB to meet and confer after Defendant's deficient supplemental responses to the written discovery would have been futile. Considering the limited discovery deadline, TBB was left with no recourse other than to file the motion to compel.

**B.    TBB's Discovery Seeks Documents and Information Within the Scope Allowed by *Becher*.**

Responses to Interrogatories and Requests for Production of Documents are due within 30 days after being served. FED. R. CIV. P. 33; FED R. CIV. P. 34. Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Court may order discovery of any matter relevant to the subject matter of the lawsuit upon showing of "good cause." FED. R. CIV. P. 26(b)(1).

In the specific case of *Becher* discovery, a plaintiff in a RICO case is allowed to obtain specific information "likely in the exclusive control of the defendant." *Becher*, 829 F.2d, at 290-291. *Becher*

3

discovery assists the plaintiff in accessing information to allow them "to plead the time, place and contents of communications between the defendants" with sufficient particularity. *Id.* at 291. In applying the norm in *Becher*, the Courts have not limited discovery allowed therein exclusively to the "usage [of] interstate mail or telecommunications facilities." It has permitted what would be necessary to state a RICO claim and pleading fraud with specificity. *See Norfe Grp. Corp. v. R.Y. Espinosa Inc.*, No. CV19-1897 (BMJ), 2021 wl 1845329, at p. 4-5 (D.P.R. May 7, 2021).

Defendant claims that the discovery under Becher should be limited to using interstate mail or telecommunications facilities. Any other type of information would not lead to the discovery of information pertaining to the Complaint. *See* Docket No. 109, p. 3. In addition, Defendant alleges that he has certified not having certain information in his possession. *Id.*, p. 4.

TBB's Interrogatories and Requests for Production are reasonably tailored to obtain information relevant to the pleadings stage of the case in the context of the RICO allegations. All of the discovery requests are reasonable under *Becher*. Ultimately, this lawsuit arises from a scheme to defraud the Bank perpetrated by the defendants, by which they secured fraudulent loans from the Bank. The information regarding these communications and data requested from Defendant during the relevant period under RICO, which is ten (10) years, comes into question, as it will be tainted by the fraudulent actions undertaken. Consequently, Defendant's corporate interests are paramount to determining the ultimate fraudulent use of the funds. In terms particularly of *Becher* these corporate interests and documents will assist in linking specific communications with movements of monies fraudulently obtained from the Bank. Therefore, this information and any supporting documentation are essential to draft allegations more specifically about the actions perpetrated by the defendants that violate RICO. Furthermore, this is documentation that is under Defendant's exclusive control.

When it comes to the Requests for Production, we again stress that Defendant failed to provide any document in response. His initial response to the Request for Production consisted only of objections

to the requests themselves. The amended answers served no better purpose. Defendant restated his objections in their entirety and – as to several of the requests - simply resorted to claiming that he was unable to identify responsive documents in his possession. Specifically, Defendant objects to Requests Nos. 2 through 7, 14 through 16, and 19 through 21 on the basis of those documents being requested not being in his possession. Federal Rules of Civil Procedure Rule 34 requires producing documents in Defendant's possession, custody, or control, not simply documents in his possession. *See* FED. R. CIV. P. 34.

Courts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents. *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016). Rule 34's requirement that a party produces any documents within its "possession, custody or control," "[l]egal ownership or actual physical possession is not required; documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand." *Green v. Fulton*, 157 F.R.D. 136, 142 (D.Me.1994); *see also* Fed.R.Civ.P. 34(a)(1). It is not feasible that the documents requested are not in the control, custody, or possession when they are **all** directly related to Defendant's dealings or tax filings. TBB is entitled to discover documents responsive to the Requests for Production because they are directly relevant to Defendant's actions in furtherance of the conspiracy and are instrumental in providing sufficiently specific discrete allegations of wire fraud to warrant this Court's intervention.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant the Motion to Compel Adequate Discovery Responses, to compel Defendant to provide adequate discovery responses and a compliant privilege log and to award reasonable attorney's fees and costs incurred in filing this Motion to Compel Adequate Discovery Responses.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 7th day of February 2025.

**WE HEREBY CERTIFY,** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all relevant parties.



**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9132
Fax 939-697-6102

/s/*José Sosa Llorens*
José Sosa Llorens
USDC-PR No. 208602
jose.sos@us.dlapiper.com

/s/*Yahaira de la Rosa Algarín*
Yahaira de la Rosa Algarín
USDC-PR No. 306601
yahaira.delarosa@us.dlapiper.com