IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TBB International Bank Corp., <br><br> Plaintiff, <br><br> v. <br><br> Alejandro J. Valencia Hurtado, *et al.*, <br><br> Defendants. | Civil Case No. 23-CV-01310 (ADC) |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY AS TO RESPONSES TO TBB´S FIRST SET OF INTERROGATORIES AND FIRST SET OF REQUESTS FOR PRODUCTION TO JOSÉ ANTONIO OLIVEROS FEBRES-CORDERO AND HOLDING ACTIVO LTD.**

**TO THE HONORABLE COURT:**

**COMES NOW,** TBB International Bank Corp. (previously known as Activo International Bank, Inc.) (hereinafter, "TBB"), through the undersigned counsel, and respectfully states and prays as follows:

**I.    INTRODUCTION**

On January 2, 2025, TBB filed *Plaintiff's Motion to Compel Discovery as to Responses to TBB's First Set of Interrogatories and First Set of Requests for Production to Holding Activo Ltd. See* Docket No. 97. Similarly, on January 10, 2025, TBB filed *Plaintiff's Motion to Compel Discovery as to Responses to TBB's First Set of Interrogatories and First Set of Requests for Production to José Antonio Oliveros Febres-Cordero*. *See* Docket No. 103 ("Motions to Compel Adequate Discovery Responses"). TBB stated that it was left with no other recourse than to file a motion to request the Court to Compel Defendants Holding Activo Ltd. and José Antonio Oliveros Febres-Cordero ("Defendants") failed to respond to the discovery requests, as the good faith efforts undertaken by TBB have been fruitless.

In response, Defendants filed a *Response in Opposition to Motion to Compel. See* Docket No. 118. Defendant alleged that TBB omitted to conduct a good faith effort to resolve discovery disputes

1

before seeking the Court's intervention and that the discovery requests exceeded the limited discovery scope under *New England Data Services, Inc. v. Becher*, 829 F.2d 286 (1st Cir. 1987).

For the reasons stated herein and in the TBB's Motions to Compel Adequate Discovery Responses [Docket. Nos. 97 and 103], TBB respectfully requests that the Court grant the Motions to Compel Adequate Discovery Responses.

## II. **LEGAL ARGUMENT**

### A. After a Meet and Confer, Defendants Opted to Respond and Rehash Existent Objections to Discovery Without Producing a Single Piece of Document.

A party may move for an Order compelling discovery, including a specific discovery response, if a party fails to answer an interrogatory served pursuant to Federal Rule of Civil Procedure 33 or a party fails to respond that inspection will be permitted according to Federal Rule of Civil Procedure 34, FED. R. CIV. P. 37(a)(1)-(3). "For the purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

Defendants provided an initial response to the Interrogatories and the Requests for Production on November 15, 2024, effectively objecting to all of the interrogatories and all of the requests for the production of documents and failing to provide a single document in response to the requests. Ultimately, Defendants failed to include any responses without providing sufficient particular or specific grounds to support any objections.

In an effort to confer in good faith, on December 6, 2024, TBB's counsel sent extensive correspondence to Defendants' counsel, explicitly detailing the inadequacies in Defendants' responses and requesting Defendants to withdraw their objections and supplement their responses with responsive information and documents. TBB stated in the letters that counsel was available to meet and confer, but the details of the objections to the responses are clearly stated in the letters. In the absence of the need for a meeting between counsel, TBB requested that, given the expedited *Becher* discovery period, any

amended response to the Interrogatories and the Requests for Production be served no later than December 11, 2024.

Defendants' counsel failed to respond to the December 6, 2024, letter within the aforementioned deadline. However, on December 18, 2024, counsel for Defendants held a meeting with the undersigned to meet and confer regarding the written discovery insufficiencies raised by TBB. Counsel for Defendants compromised to supplement the responses to the Interrogatories and the Requests for Production. However, as of the date of the Motions to Compel Adequate Discovery Responses, no supplemental responses were notified. Instead, Defendants served TBB with amended answers on January 16, 2025, which, for some requests, restate the objections previously provided, and although Defendants provided some context for their objections in the amended answers, reasonable requests for information continued to go unanswered by Defendants. No document was produced.

Specifically, Defendants responded by reinstating their objections or claiming they had no document in their possession, custody, or control and did not produce a single document. Any intent for TBB to meet and confer after Defendants' deficient supplemental responses to the written discovery would have been futile. Considering the limited discovery deadline, TBB had no recourse other than to file the motions to compel.

> **B.    TBB's Discovery Seeks Documents and Information Within the Scope Allowed by *Becher*.**

Responses to Interrogatories and Requests for Production of Documents are due within 30 days after being served. FED. R. CIV. P. 33; FED R. CIV. P. 34. Parties are entitled to discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). The Court may order discovery of any matter relevant to the subject matter of the lawsuit upon showing of "good cause." FED. R. CIV. P. 26(b)(1).

In the specific case of *Becher* discovery, a plaintiff in a RICO case is allowed to obtain specific information "likely in the exclusive control of the defendant." *Becher*, 829 F.2d, at 290-291. *Becher*

3

discovery assists the plaintiff in accessing information to allow them "to plead the time, place and contents of communications between the defendants" with sufficient particularity. *Id.* at 291. In applying the norm in *Becher*, the Courts have not limited discovery allowed therein exclusively to the "usage [of] interstate mail or telecommunications facilities." It has permitted what would be necessary to state a RICO claim and pleading fraud with specificity. *See Norfe Grp. Corp. v. R.Y. Espinosa Inc.*, No. CV19-1897 (BMJ), 2021 wl 1845329, at p. 4-5 (D.P.R. May 7, 2021).

TBB's Interrogatories and Requests for Production are reasonably tailored to obtain information relevant to the pleadings stage of the case in the context of the RICO allegations. All of the discovery requests are reasonable under *Becher*. Ultimately, this lawsuit arises from a scheme to defraud the Bank perpetrated by the defendants, by which they secured fraudulent loans from the Bank. The information regarding these communications and data requested from Defendants during the relevant period under RICO, which is ten (10) years, comes into question, as it will be tainted by the fraudulent actions undertaken. Consequently, Defendants' corporate interests are paramount to determining the ultimate fraudulent use of the funds. In terms particularly of *Becher* these corporate interests and documents will assist in linking specific communications with movements of monies fraudulently obtained from the Bank. Therefore, this information and any supporting documentation are essential to draft allegations more specifically about the actions perpetrated by the defendants that violate RICO. Furthermore, this is documentation that is under the Defendants' exclusive control.

When it comes to the Requests for Production, we again stress that Defendants failed to provide any document in response. Their initial response to the Request for Production consisted only of objections to the requests themselves. The amended answers served no better purpose. Defendants restated their objections– as to several of the requests – and others simply resorted to claiming that they could not identify responsive documents in their possession, custody, and control.

Courts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents. *Puerto Rico Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriquena, Inc.*, 318 F.R.D. 224, 230 (D.P.R. 2016). Rule 34's requirement that a party produces any documents within its "possession, custody or control," "[l]egal ownership or actual physical possession is not required; documents are considered to be under a party's 'control' when that party has the right, authority or ability to obtain those documents upon demand." *Green v. Fulton*, 157 F.R.D. 136, 142 (D.Me.1994); *see also* Fed.R.Civ.P. 34(a)(1). It is not feasible that the documents requested are not in the control, custody, or possession when they are **all** directly related to Defendants' dealings or tax filings. TBB is entitled to discover documents responsive to the Requests for Production because they are directly relevant to Defendants' actions in furtherance of the conspiracy and are instrumental in providing sufficiently specific discrete allegations of wire fraud to warrant this Court's intervention.

**WHEREFORE,** it is respectfully requested that this Honorable Court grant the Motions to Compel Adequate Discovery Responses, to compel Defendants to provide adequate discovery responses and a compliant privilege log and to award reasonable attorney's fees and costs incurred in filing this Motions to Compel Adequate Discovery Responses.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 28th day of February 2025.

**WE HEREBY CERTIFY,** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all relevant parties.



**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca, Suite 401
San Juan, PR 00901-1969
Tel. 787-945-9132
Fax 939-697-6102

/s/*José Sosa Llorens*
José Sosa Llorens
USDC-PR No. 208602
jose.sos@us.dlapiper.com

/s/*Yahaira de la Rosa Algarín*
Yahaira de la Rosa Algarín
USDC-PR No. 306601
yahaira.delarosa@us.dlapiper.com